Brian Keith Bragg #648827
South Woods State Prison
215 S. Burlington Road
Bridgeton, New Jersey 08302

United States District Court
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza
Camden, N.J. 08101

July 25th, 2010

RECEIVED

JUL 29 2010



Re: Bragg et al., V. Balicki, et al.,
Emergency Injunction A Temporary
Restraining Order

Dear Court Clerk:

This is a brief cover letter in regards to the herein attached Motion:

1. Emergency Injunction A Temporary Restraining Order / Complaint

I would request a docket text be forwarded to me at the above address for my records.

Very truly yours,

Brian Keith Bragg

FORM TO BE USED BY A PRISONER IN FILING A
CIVIL RIGHTS COMPLAINT



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Brian Keith Bragg
(Enter above the full name of the plaintiff in this action)
On behalf of himself and others
Similar Situated
                         v.

Karen Balicki, Administrator

Amandu Jalloh, Associate Administrator,

John Powell, Assistant Superintendent,

David Redman, Captain

State Correctional Officers 1 - 300, et al:
(Enter above the full name of the defendant or defendants
in this action)

**COMPLAINT**

Civil Action No. _____
(To be supplied by the Clerk of the Court)

EMERGENCY
INJUNCTION
A TEMPORARY
RESTRAINING
ORDER

## INSTRUCTIONS -- READ CAREFULLY

1.  This complaint must be legibly handwritten or typewritten, signed by the plaintiff and subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form. Where more space is needed to answer any question, attach a separate sheet.

2.  In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3.  You must provide the full name of each defendant or defendants and where they can be found.

4.  You must send the original and one copy of the complaint to the Clerk of the District Court. You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5.  Upon receipt of a fee of $350.00, your complaint will be filed. You will be responsible for service of a separate summons and copy of the complaint on each defendant. See Rule 4, Federal Rule of Civil Procedure.

DNJ-ProSe-006-Rev 5/09

**FORM TO BE USED BY A PRISONER IN FILING A
CIVIL RIGHTS COMPLAINT**

6.  If you cannot prepay the $350.00 filing fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis. See 28 U.S.C. § 1915. **(If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)**

7.  If you are given permission to proceed in forma pauperis, the Clerk will prepare and issue a copy of the summons for each defendant. The copies of summonses and the copies of the complaint which you have submitted will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a.  Jurisdiction is asserted pursuant to (CHECK ONE)

   √ 42 U.S.C. § 1983 (applies to state prisoners)

   ___ Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

   If you want to assert jurisdiction under different or additional statutes, list these below:
   _____

1b.  Indicate whether you are a prisoner or other confined person as follows:

   ___ Pretrial detainee
   ___ Civilly-committed detainee
   ___ Immigration detainee
   √ Convicted and sentenced state prisoner
   ___ Convicted and sentenced federal prisoner
   ___ Other: (please explain) _____.

2.  Previously Dismissed Federal Civil Actions or Appeals

   If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

**FORM TO BE USED BY A PRISONER IN FILING A
CIVIL RIGHTS COMPLAINT**

    a.  Parties to previous lawsuit:

        Plaintiff(s): Brian Keith Bragg

        Defendant(s): Gary M. Lanigan, Commissioner

    b.  Court and docket number: 10-2249-JAP-LHG

    a.  Grounds for dismissal: ( ) frivolous   ( ) malicious   ( ) failure to state a claim upon which relief may be granted

    d.  Approximate date of filing lawsuit: May 05th, 2010

    e.  Approximate date of disposition: Still pending

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on separate sheets.

3.  Place of Present Confinement? South Woods State Prison

4.  Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

    a. Name of plaintiff: Brian Keith Bragg

       Address: South Woods State Prison, 215 S. Burlington Road, Bridgeton, New Jersey 08302

       Inmate #: 648827

    b. First defendant -- name: Karen Balicki

       Official position: Administrator

       Place of employment: South Woods State Prison

**FORM TO BE USED BY A PRISONER IN FILING A
CIVIL RIGHTS COMPLAINT**

How is this person involved in the case?
(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

Defendant's failure to bring change was the moving force to a custom or practice of unnecessarly using deadly, physical or chemical force against it's inmates.

c. Second defendant -- name: Amandu Jallah

Official position: Associate Administrator

Place of employment: South Woods State Prison

How is this person involved in the case?
(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

Defendant associated with and/or aided abetted other named individuals associated with its unlawful activities and its official policy or custom about which I complain.

d. If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant.

See attached

5. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

✓ Yes     ___ No

If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

4. Parties

   e. Third defendant -- Name: John Powell
      Official Position: Assistant Superintendent
      Place of employment: South Woods State Prison
      How is this person involved in the case?

Defendant associated with and/or aided abetted other named individuals associated with its unlawful activities and its official policy or custom about which I complain.

   f. Fourth defendant -- Name: David Redman
      Official Position: Captain
      Place of employment: South Woods State Prison
      How is this person involved in the case?

Defendant associated with and/or aided abetted other named individuals associated with its unlawful activities and its official policy or custom about which I complain.

   g. Fifth defendants -- Names: State Correctional Officers 1-300
      Official Position: State Correctional officers.
      Place of employment: South Woods State Prison
      How is these persons involved in the case?

4. Parties

Defendant's use of deadly, physical or chemical force was not applied in a good-faith effort to restore order.

h. Sixth defendant's -- Name: Special Investigation Division.
   Official Position: Investigator's.
   Place of employment: South Woods State Prison
   How is this person involved in this case?

Defendants' post-event lack of proper internal investigation of officer-on-inmate attacks and the failure to take strong disciplinary action against officers was the moving force from the pattern and practice that were in effect before July of 2010.

**FORM TO BE USED BY A PRISONER IN FILING A
CIVIL RIGHTS COMPLAINT**

If your answer is "No," briefly explain why administrative remedies were not exhausted.

N/a

6. Statement of Claims

(State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

Jurisdiction & venue

1. This is a civil action to redress the deprivation, under of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court, Camden Division is an appropriate venue under 28 U.S.C. Section (2283 & 2284) 1391(b)(2) because it is where the events giving rise to this claim occurred.

6. Statement of Claims

Facts

1. Upon the complaint, Brian Keith Bragg on behalf of himself and others similarly situated inmates (Plaintiff's) asserts that South Woods State Prison (S.W.S.P) correctional staff has a pattern and practice of using unnecessary excessive force against its inmates.

2. Plaintiff's asserts that for years through data, statistics, law suits, citizen complaints, adverse publicity, and special investigation complaints through the Special Investigation Division (SID), were put on notice that S.W.S.P. correctional staff had a custom or unwritten policy of unnecessarly using deadly, physical or chemical force against its inmates.

3. Plaintiff's assert that Defendants Karen Balicki, Administrator, Amandu Jallah, Associate Superintendent, John Powell, Assistant Superintendent, David Redman, Captain and other administrative staff (Defendant's) failure to use means that are at their disposal to bring change, was the moving force behind this brutality at S.W.S.P.

6. Statement of Claims

4. Plaintiff's asserts that S.W.S.P. has a culture of, (blue wall of silence) in which almost, if not every, last member either turns a blind eye or deaf ear when inmates at S.W.S.P. are killed, beaten, intimidated, or mistreated by fellow officers.

5. Plaintiff's assert what is happening at S.W.S.P. directly bears on the recruitment, training, supervision, and discipline of state correctional officers 1-300 (SCO). The SCO's received the same training and supervision as other state correctional officer's in other facilities and had similar under-standing about whether they would be subject to discipline for their actions.

6. Plaintiff's assert that the failure of any of the SCO's to act at even minimally accepted levels of official conduct, was directly linked to Defendant's policy of deficient recruitment, training, supervision, and discipline of their SCO's.

7. Plaintiff's assert that the absence of a strictly enforced disciplinary system led the SCO's to believe that they were above the law and would not be sanctioned for their conduct. A sufficiently supervised

6. Statement of Claims

Properly recruited, trained and disciplined group of State correctional officers would not have acted so far below the level of accepted official conduct.

8. Plaintiff's assert that the post-event lack of proper internal investigation by the Special Investigation Division of inmates being beaten and the failure to take strong disciplinary action against these SCO's resulted from the custom or policies that were in effect before most of the plaintiff's were transferred to S.W.S.P.

9. Plaintiff's fear for their safety and life that they also will be subjected to excessive force that runs rampant thoughout S.W.S.P.

10. Plaintiff's assert that Defendants' and SCO 1-300 have shown total and repeated disregard for my and other similar situated inmates welfare, safety, personal integrity and human worth and cannot be deterred without court intervention.

11. Plaintiff's asserts that the Defendants' inadequate supervision over their inmates demonstrates intentional and voluntary violation of their known

6. Statement of Claims

legal duty to preserve internal order and discipline and maintain institutional security.

12. Plaintiff's asserts that their hardship as a result amounts to continuing suffering and injury to their persons and property and mental anguish, extreme anxiety, humiliation and fear.

13. Plaintiff's asserts that by virtue of their status as minorities, underpriviledged, and incarcerated has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff's has been and will continue to be irreparably injured by the conduct of the Defendants' unless this court grants the declaratory and injunctive relief which Plaintiff's seeks.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: July 26th, 2010

/s/ Brian Bragg
Brian Keith Bragg
on behalf of himself and others similas situated

**FORM TO BE USED BY A PRISONER IN FILING A
CIVIL RIGHTS COMPLAINT**

7. Relief

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

WHEREFORE, Plaintiff on behalf of himself and other similar situated respectfully prays that this court enter judgment granting Plaintiff's:

a. A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and Laws of the State of New Jersey.

see attached

8. Do you request a jury or non-jury trial? (Check only one)

( ) Jury Trial             (✓) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 26th day of July, 2010.

Brian Keith Bragg #648827
South Woods State Prison
215 S. Burlington Road
Bridgeton, New Jersey 08302

Signature of plaintiff[1]

Brian Keith Bragg

On behalf of himself and others similar situated

---

[1] EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF. REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT.

7. Relief

   b. A preliminary and permanent injunction ordering Defendants' to stop unnecessarly using deadly, physical, or chemical force against it's inmates.

   c. Plaintiff's costs in this suit.

   d. Any additional relief this court deems just, proper, and equitable.

United States District Court
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza
Camden, New Jersey 08101

MAILED FROM
SOUTH WOODS STATE PRISON
215 BURLINGTON ROAD SOUTH
BRIDGETON, NJ. 08302