**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
BRIAN KEITH BRAGG,                  :
                                    :  Civil Action No. 10-3803 (NLH)
            Plaintiff,              :
                                    :
       v.                           :      O P I N I O N
                                    :
KAREN BALICKI, et al.,              :
                                    :
            Defendants.             :
_____ :

**APPEARANCES:**

Brian Keith Bragg, Pro Se
# 648827
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

**HILLMAN, District Judge**

    Plaintiff, Brian Keith Bragg, currently confined at the Northern State Prison, Newark, New Jersey, seeks to bring this action alleging violations of his constitutional rights in forma pauperis, without prepayment of fees pursuant to 28 U.S.C. § 1915.  At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue various administrators and officers at the South Woods State Prison ("SWSP"), where he was confined at the time he filed this action. Plaintiff states that he is suing on his behalf, and on behalf of "other similarly situated inmates," because SWSP "has a pattern and practice of using unnecessary excessive force against its inmates." (Complt, ¶ 6 "Statement of Claims"). He asserts that:

> . . . for years through data, statistics, lawsuits, citizen complaints, adverse publicity, and special investigations complaints through the special investigation division (SID), [ ] were put on notice that SWSP correctional staff had a custom or unwritten policy of unnecessarily using deadly, physical or chemical force against its inmates.

(Complt, ¶ 6(2)).

Plaintiff further claims that the named defendants, Administrator Balicki, Associate Superintendent Jallah, Assistant Superintendent Powell, and Captain Redman failed to act and were the moving force behind the "brutality" at SWSP. (Complt., ¶ 6(3)). Plaintiff states that there is a "wall of silence" at SWSP, and that "what is happening" at SWSP directly bears on the recruitment, training and supervision of officers. (Complt. ¶ 6(5)). He asserts that there is an "absence of a strictly enforced disciplinary system" leading officers to believe they are above the law. (Complt., ¶ 6(7)).

Plaintiff states that the "plaintiffs" he seeks to protect in this lawsuit fear for their safety and that they will be "subjected to excessive force that runs rampant throughout SWSP." (Complt., ¶ 6(9)).  He eludes to a "post-event lack of proper internal investigation," (Complt., ¶ 6(8)), but does not give facts concerning any "event."  Finally, he charges defendants with inadequate supervision, and with disregarding inmates' safety.  (Complt., ¶ 6(10-11)).

For relief, Plaintiff seeks a declaration that the inmates' rights were violated, a preliminary injunction ordering defendants to stop using excessive force, and any other relief deemed just.  (Complt., ¶ 7).  He labels his complaint: "Emergency Injunction A Temporary Restraining Order."

## DISCUSSION

### A.   Standards for *Sua Sponte* Dismissal

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Recently, the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

**B.    Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.   **Plaintiff's Claims Must Be Dismissed.**

While the use of excessive force in the prison setting can never be condoned, as it violates the Eighth Amendment to the United States Constitution, here, Plaintiff's claims concerning an unwritten policy of excessive force against inmates in SWSP must be dismissed, without prejudice.  Plaintiff sets forth no facts concerning the basis for his allegations.  Plaintiff does not assert that he has been the victim of excessive force; nor does he allege any facts whatsoever of excessive force incidents at SWSP.  Plaintiff's statements are conclusive, with no factual support.  As noted, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

As explained by the Court of Appeals for the Third Circuit, "the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage[ ]' but . . . 'calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 230-34 (internal citations omitted).  In this case, Plaintiff has not presented enough facts to raise a

reasonable expectation that discovery will reveal evidence of the claims.

Therefore, this Court will dismiss this complaint, without prejudice, subject to Plaintiff moving to reopen his case. Such motion must include an amended complaint, in accordance with the attached Order.[1]

**D.   Temporary Restraining Orders ("TRO")**

To secure the extraordinary relief of a preliminary injunction or TRO, Plaintiff must demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest." Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998), cert. denied, 526 U.S. 1130 (1999) (as to a preliminary injunction); see also Ballas v. Tedesco, 41 F. Supp.2d 531, 537 (D.N.J. 1999) (as to temporary restraining

---

[1] Although Plaintiff seeks to assert claims "on behalf of himself and others similar[ly] situated," (Complt., Caption), Plaintiff lacks standing to assert claims on behalf of other prisoners. See Warth v. Seldin, 422 U.S. 490, 499 (1975) (a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Nor has Plaintiff demonstrated that he would be an adequate "class representative" under Fed. R. Civ. P. 23 ("Class Actions"). Accordingly, any motion to reopen must include a proposed amended complaint asserting Plaintiff's individual claims against the named defendants.

7

order).  A plaintiff must establish that all four factors favor preliminary relief.  See Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187 (3d Cir. 1990).

Here, Plaintiff's request for a TRO must be denied at this time because he has failed to demonstrate any of the four factors necessary for such an extraordinary remedy.  As noted above, Plaintiff's complaint, as pled, fails to state a claim upon which relief may be granted.  Therefore, his request for a TRO will also be dismissed without prejudice.

## **CONCLUSION**

For the reasons set forth above, the complaint must be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. Plaintiff may file a motion to reopen the case in order to address the deficiencies of his claims, as outlined in this opinion.  In particular, Plaintiff must provide additional facts to support his claim regarding the use of excessive force at SWSP.

An appropriate order accompanies this opinion.


                                         /s/ NOEL L. HILLMAN
                                         NOEL L. HILLMAN
                                         United States District Judge

At Camden, New Jersey
Dated: February 18, 2011