**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BRIAN KEITH BRAGG, et al., | |
| Plaintiffs, | Civil Action No. 10-3803 (NLH) |
| v. | **O P I N I O N** |
| KAREN BALICKI, et al., | |
| Defendants. | |

**APPEARANCES:**

Brian Keith Bragg, Pro Se
# 648827
Jose Alvarado, Pro Se
# 555882
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

**HILLMAN, District Judge**

Plaintiffs, Brian Keith Bragg and Jose Alvarado, have filed a motion to reopen this civil rights case (docket entry 14), and a motion to amend/correct the complaint (docket entry 15). The Court has reviewed Plaintiffs' submissions. For the following reasons, the motions will be granted, as to Plaintiff Bragg only.

**BACKGROUND**

In his original complaint, Plaintiff Bragg, on behalf of himself and others similarly situated, attempted to file an action seeking damages under 42 U.S.C. § 1983 for constitutional violations. Plaintiff stated that the South Woods State Prison

("SWSP") had a "pattern and practice of using unnecessary excessive force against its inmates." (Original Complt., ¶ 6 "Statement of Claims"). However, this Court dismissed the complaint, sua sponte, because Plaintiff Bragg:

> . . . sets forth no facts concerning the basis for his allegations. Plaintiff does not assert that he has been the victim of excessive force; nor does he allege any facts whatsoever of excessive force incidents at SWSP. Plaintiff's statements are conclusive, with no factual support. As noted, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

(Opinion, docket entry 11 at p. 6). Plaintiff Bragg was also advised that he could not assert the legal rights of other inmates. (Opinion, docket entry 11 at p. 7, n.1). The dismissal of Plaintiff's complaint was without prejudice, subject to Plaintiff moving to reopen his case, and including an amended complaint. Plaintiff Bragg, along with Plaintiff Jose Alvarado, have filed both a motion to reopen, and a motion to amend, which are now before this Court.

### DISCUSSION

1. <u>Plaintiff Alvarado</u>

As noted, the proposed amended complaint names Plaintiff Bragg and Jose Alvarado as Plaintiffs. Both plaintiffs signed the complaint. While Plaintiff Bragg was granted in forma pauperis ("IFP") status at the time this Court issued the

original dismissal opinion, Plaintiff Alvarado's IFP status remains pending.

It appears that Plaintiff Alvarado filed an IFP application (docket entry 13), and recently filed a prison account statement (docket entry 16). Plaintiff Alvarado's account statement reveals that as of November 17, 2011, he had $3087.57 of spendable money in his account (docket entry 16, p. 2 of 5). As it appears that Plaintiff is able to pay the $350.00 filing fee, see 28 U.S.C. § 1915(a)(1)(IFP may be granted if the prisoner is "unable to pay such fees or give security therefor . . . ."), this Court will deny his application to proceed IFP. See 28 U.S.C. § 1915(e)(2)(A) (". . . the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue. . . .).

Furthermore, according to the proposed amended complaint, Plaintiff Alvarado's excessive force claims occurred in December of 2009. The proposed amended complaint asserts that he was assaulted by Defendants Di Metteo, Mathew, and Adams, as well as John Doe officers. Plaintiff Bragg, however, asserts that he was assaulted in December of 2010, by Defendant Jackson and John Doe officers.

Federal Rule of Civil Procedure 18(a) controls the joinder of claims. In general, "[a] party asserting a claim ... may join

3

as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20(a)(1) controls the permissive joinder of Plaintiffs in civil actions. Plaintiffs may be joined in one action if:

>  (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>  (B) any question of law or fact common to all plaintiffs will arise in the action.

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. See Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims in one lawsuit. See, e.g., Pruden v. SCI Camp Hill, 252 Fed. Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

Here, it is clear that the claims asserted by Plaintiffs Bragg and Alvarado did not arise out of the same occurrence, as they allegedly took place a year apart, and concerned different officers. As such, Plaintiff Alvarado's claims should not be joined with Plaintiff Bragg's claims.

This Court notes that Plaintiff Alvarado's claims are close to being barred by the two-year limitations period for civil rights actions. Therefore, this Court will dismiss Plaintiff Alvarado from this case. However, this Court will order that a

new case be created for Plaintiff Alvarado.  This Court will order the Clerk to administratively terminate the newly-created case, and allow Plaintiff Alvarado to reopen the case by submission of a motion to reopen, along with the $350.00 filing fee, and an amended complaint.

2.   Plaintiff Bragg

The allegations in the proposed amended complaint concerning Plaintiff Bragg are as follows:

> On December 5, 2010, while at SWSP, Plaintiff Bragg was being escorted by defendants State Correctional Officer (SCO) Jackson and SCO's John Does six through twelve (defendants), was viciously attacked by defendants (while a supervisor stood by and watched), who slammed plaintiff down to the concrete (handcuffed from the back) without warning or provocation and beat Plaintiff with their fists and kicked and stomped Plaintiff with their boots as I lay in a fetal position.
>
> As a result of these events, Plaintiff's [sic] suffered serious physical injury, pain and suffering. Plaintiff's were both denied emergency medical treatment . . . for their injuries.  These events occurred because of the deliberate indifference of defendants.  In this action, Plaintiff's [sic] seek compensatory and punitive damages against these defendant's [sic] as allowed by law.

(Proposed Amended Complaint, ¶¶ 4-5).  As to the remainder of the proposed amended complaint, it is unclear what claims are asserted against which defendants.  For example, Plaintiff asserts general claims against Defendant Balicki, but also

mentions defendant nurses, and various John and Jane Doe defendants.

This Court finds that Plaintiff Bragg's claim asserting excessive force against Officer SCO Jackson is sufficient to proceed past sua sponte screening.  However, all other claims and defendants will be dismissed without prejudice.  The claims against Defendant Balicki concern her role as a supervisor in the prison (Proposed Am. Complt., ¶¶ 17, 23), and therefore must be dismissed.  See  City of Canton v. Harris, 489 U.S. 378, 390 (1989).  Plaintiff may file a motion to amend the complaint, should he acquire the identity of unknown defendants through discovery, or otherwise cure the deficiencies in his claims against Defendant Balicki.

## CONCLUSION

At this juncture, based on the foregoing, this Court will grant Plaintiff Bragg's motions to reopen and to amend the complaint.  Plaintiff's excessive force claims will be permitted to proceed against SCO Jackson.  All other claims will be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  Plaintiff may file a motion to amend the complaint to address the deficiencies of his claims and to name defendants, as outlined in this opinion.

Furthermore, Plaintiff Alvarado will be dismissed from this action.  A new action will be commenced for any potential claims he may wish to assert.

An appropriate order accompanies this opinion.


                                               /s/ Noel L. Hillman
                                              NOEL L. HILLMAN
                                              United States District Judge

Dated: December 20, 2011

At Camden, New Jersey