**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BRIAN KEITH BRAGG, | : | |
|  | : | Civil Action No. 10-3803(NLH) |
| Plaintiff, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| SCO JACKSON, | : | |
|  | : | |
| Defendant. | : | |

**APPEARANCES:**
Brian Keith Bragg
68 South Walter Ave.
Trenton, NJ  08609
    Plaintiff pro se

Alex Joseph Zowin, Esq.
State of New Jersey
Office of the Attorney General
Hughes Justice Complex
25 Market Street
Trenton, NJ  08611
    Counsel for Defendant SCO Jackson

**HILLMAN**, District Judge

This matter is presently before the Court pursuant to the submission of a Motion [62] to dismiss, by Defendant Senior Corrections Officer Dwayne Jackson ("SCO Jackson").  By Orders [67, 71] entered March 6, 2014, and April 2, 2014, this Court converted the Motion to dismiss to a Motion for summary judgment (hereinafter, the "Motion" or the "Motion for summary judgment"), because it relied upon matters outside the

1

pleadings, see Fed.R.Civ.P. 12(d), and granted the parties an opportunity to respond to the newly-designated Motion for summary judgment, see Renchenski v. Williams, 622 F.3d 315, 340-41 (3d Cir. 2010).  Plaintiff has not filed a response to the Motion.

For the reasons state below, the Motion will be granted.

## I. BACKGROUND

This matter was originally opened to the Court by Plaintiff Brian Keith Bragg's submission, on or about July 29, 2010, of a Complaint [1], pursuant to 42 U.S.C. § 1983, and a later application [2] for leave to proceed in forma pauperis.  By Opinion and Order [11, 12] entered February 22, 2011, and pursuant to 28 U.S.C. §§ 1915 and 1915A, this Court granted Plaintiff leave to proceed in forma pauperis, screened the Complaint, and dismissed it without prejudice for failure to state a claim.  Subsequently, this Court granted Plaintiff leave to re-open, and Plaintiff filed an Amended Complaint and a Second Amended Complaint.  At this time, the only remaining claim is a claim against Defendant SCO Jackson, and various "John Doe" corrections officers and "Jane Doe" nurses, for excessive use of force and failure to provide medical treatment, all allegedly in violation of the Eighth Amendment to the U.S. Constitution.

More specifically, Plaintiff alleges that on or about


December 5, 2010, while Plaintiff was confined at South Woods State Prison and was being escorted in handcuffs to an isolation cell, SCO Jackson and several other "John Doe" corrections officers "slammed" Plaintiff down to the concrete, "without warning or provocation and beat plaintiff with their fists and kicked plaintiff with their steel toe boots as [Plaintiff] lay in a fetal position." (Doc. No. 21, Second Amended Complaint, ¶ 2.) Plaintiff contends that he was attacked in retaliation for having filed grievances and lawsuits and that he suffered serious (undescribed) injuries as a result of the attack. Plaintiff further asserts that a "John Doe" Sergeant observed the attack and failed to intervene. Finally, Plaintiff alleges that two "Jane Doe" nurses refused to provide treatment for the injuries he sustained in the attack.[1] Plaintiff seeks unspecified monetary damages.

As noted above, Defendant SCO Jackson, the only served defendant, has moved to dismiss the Second Amended Complaint because Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). This Court converted the Motion to dismiss to a Motion for summary judgment and granted Plaintiff an opportunity to respond. Plaintiff has failed to

---

[1] Plaintiff has never identified or served any of the fictitious defendants.

respond.

This Court has considered the Motion and the various submissions of the parties and will decide the Motion on the briefs, pursuant to Federal Rule of Civil Procedure 78(b).

## II.  JURISDICTION

This Court exercises subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), in that the Complaint alleges federal civil rights claims under 42 U.S.C. § 1983.  See Max v. Republican Comm. of Lancaster County, 587 F.3d 198, 199 n.1 (3d Cir. 2009), cert. denied 560 U.S. 925 (2010).

## III.  SUMMARY JUDGMENT

A district court shall grant summary judgment, as to any claim or defense, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  Thus, summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed.R.Civ.P. 56).

An issue is "genuine" if it is supported by evidence such

that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Id. at 247-48 (emphasis in original).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  See Fed.R.Civ.P. 56(c)(1), (4); Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." (citation omitted)); see also Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing" - that is, pointing out to

5

the district court - that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." (citing Celotex, 477 U.S. at 325)).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. "[T]he non-moving party, to prevail, must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Cooper v. Sniezek, 418 F.App'x 56, 58 (3d Cir. 2011) (citing Celotex, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted). Instead, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990) ("The object of [the Rule] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit.");

6

Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) ("To raise a genuine issue of material fact, ... the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the ' mere scintilla' threshold and ... offer[] a genuine issue of material fact.").

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (citing Anderson, 477 U.S. at 255). In making this determination, however, the court may consider materials in the record other than those cited by the parties. Fed.R.Civ.P. 56(c)(3).

## IV.  DISCUSSION

The exhaustion of administrative remedies is a mandatory prerequisite to any prisoner's filing of a civil rights action regarding prison conditions.  42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).  Specifically, Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

7

>prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[T]he ... exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (citation omitted). See also Nyhuis v. Ngo, 204 F.3d 65, 68-69 (3d Cir. 2000) (holding that the § 1997e(a) exhaustion requirement applies equally to claims brought by federal and state prisoners). In addition, a prisoner must exhaust all available administrative remedies even where the relief sought, such as monetary damages, cannot be granted through the administrative process, as long as the grievance tribunal has authority to take some responsive action. Booth v. Churner, 532 U.S. 731 (2001).

Exhaustion is a precondition for bringing suit and, as such, it is a "'threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.'" Small v. Camden County, 728 F.3d 265, 270 (3d Cir. 2013) (alternation in original) (citations omitted). Accordingly, "judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury." Id. at 271.

The applicable procedural rules for properly exhausting

8

administrative remedies "are defined not by [§ 1997e(a)], but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by [§ 1997e(a)] to 'properly exhaust.'" Jones v. Bock, 549 U.S. 199, 218 (2007). See also Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004) (same). The burden of proving non-exhaustion lies with the defendants asserting the defense. Jones, 549 U.S. at 212, 216-17.

Section 1997e(a) "demands that a prisoner exhaust his administrative remedies before filing suit." Strickengloss v. State Correction Institution at Mercer, 531 F.App'x 193, 194 (3d Cir. 2013) (emphasis added) (citing Jones v. Bock, 549 U.S. at 204). See also Thrower v. U.S., 528 F.App'x 108 (3d Cir. 2013) (affirming dismissal of Bivens claim for failure to exhaust, even though prisoner exhausted his remedies after filing suit) (citing Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002) (collecting cases)); Oriakhi v. United States, 165 F.App'x 991, 993 (3d Cir. 2006) (noting "unanimous circuit court consensus" that a prisoner cannot fulfill the exhaustion requirement after filing the complaint). Accordingly, if Plaintiff failed to exhaust his administrative remedies before filing this action, he cannot cure that defect during the pendency of this suit.

Here, the New Jersey Department of Corrections has

9

established a comprehensive Inmate Remedy System, through which "inmates may formally communicate with correctional facility staff to request information from, and present issues, concerns, complaints or problems to the correctional facility staff." <u>See</u> N.J.A.C. 10A:1-4.1 et seq.  The Inmate Remedy System Form is available from inmate housing units, the Social Services Department, and the law library.  N.J.A.C. 10A:1-4.4(f).  An aggrieved inmate must submit the Inmate Remedy System Form to the designated institutional coordinator, who refers it to the appropriate official for response.  N.J.A.C. 10A:1-4.8.  The Inmate Remedy System Form must be complete and legible and must include "a clear and concise statement summarizing the request." N.J.A.C. 10A:1-4.4(e).  Generally, the response to a routine request is to be provided to the inmate within 30 days. N.J.A.C. 10A:1-4.4(i), 10A:1-4.5(e).  Where further deliberation is necessary, the initial response to the inmate shall include statements that indicate that further deliberation is necessary, the nature of the deliberation required, and the timeframe within which the final response shall be provided to the inmate. N.J.A.C. 10A:1-4.4(i).  An inmate may appeal the initial response to the institution Administrator within 10 calendar days from the issuance of the initial decision, and the Administrator is to respond within 10 business days.  N.J.A.C. 10A:1-4.4(i), 10A:1-4.6.  The response from the Administrator

10

completes the administrative remedy procedure.  N.J.A.C. 10A:1-4.4(d); 10A:1-4.6.  The New Jersey regulations specifically provide that "[t]he comprehensive Inmate Remedy System to include a 'Routine Inmate Request' and/or 'Interview Request,' and an 'Administrative Appeal' must be utilized and fully exhausted prior to an inmate filing any legal action regarding information requests, issues, concerns, complaints, or problems."  N.J.A.C. 10A:1-4.4(d).

Here, on December 7, 2010, two days after the alleged incident at South Woods State Prison, Plaintiff was transferred to New Jersey State Prison, where he remained confined until December 13, 2010.  (Motion, Decl. of Yolanda Cruz.)  On December 13, 2010, Plaintiff was transferred to Northern State Prison, where he remained confined until July 2, 2012.  (Motion, Decl. of Frank Pellegrino.)

On February 8, 2011, while Plaintiff was confined at Northern State Prison, he submitted an Inmate Remedy System Form regarding the incident which is the subject of this litigation.  It reads, in pertinent part, as follows:

> On December 05th, 2010, while at South Woods State Prison, I was viciously attacked by several correctional officers (while a supervisor stood by and watched), who slammed me down to the concrete (hand-cuffed from the back) with[out] warning or provocation and beat me with their fists and kicked me with their boots as I lay in a fetal position.  As a result, I suffered a severe injury to my right knee3, bruises and head trauma.

11

>     Pursuant to 10A:3-7.3 Requesting a Polygraph
> examination:
>     I am requesting approval from the Commissioner of
> the N.J. Department of Corrections for a polygraph
> examination to the truth about the events as described
> herein.  (See attached enclosures).

(Motion, Decl. of Frank Pellegrino, Ex. A, at PageID: 429.)[2]

On March 1, 2011, the initial response was delivered to Plaintiff.  It indicated that the reviewing officials considered Plaintiff's grievance to be a request for "investigation" and further noted that the matter would be forwarded to South Woods State Prison Special Investigations Division.  Id.  Plaintiff did not appeal this response.

Neither the applicable New Jersey regulations nor the Inmate Remedy System Form explicitly require an inmate to specify whether he desires monetary damages, and the Court of Appeals for the Third Circuit has held that it will not imply such a requirement.  See Spruill v. Gillis, 372 F.3d at 234.  The New Jersey Administrative Code, however, does require the inmate to provide "a clear and concise statement summarizing the request."  N.J.A.C. 10A:1-4.4(e).  Here, the only request that Plaintiff made was that he be permitted to take a polygraph exam in support of his statement regarding the alleged attack.  To

---

[2] The referenced "enclosures" were not attached to Mr. Pellegrino's Declaration.

the extent the referral of this matter for an internal investigation was not a satisfactory resolution of Plaintiff's request, he was required to appeal the decision in order to exhaust his administrative remedies.  Cf. Ramos v. Hayman, Civil No. 11-0259, 2011 WL 3236395 (D.N.J. July 27, 2011) (holding that New Jersey state prisoner who failed to appeal or respond to initial response asking him to contact an investigator had failed to exhaust available administrative remedies).[3]

Accordingly, this Court finds that Plaintiff failed to exhaust the administrative remedies that were available to him.  The Motion for summary judgment will be granted.[4]

V.   CONCLUSION

For the reasons set forth above, the Motion will be granted.  An appropriate order follows.


At Camden, New Jersey                    s/Noel L. Hillman
                                        Noel L. Hillman
                                        United States District Judge
Dated:  June 23, 2014

---

[3] In addition, the Court notes that the Inmate Remedy System Form makes no mention of any claim regarding failure to provide medical care for the injuries Plaintiff allegedly sustained as the result of the attack.

[4] As the time for appealing the administrative remedy has long since passed, and as Plaintiff has advised the Court that he is no longer confined, it appears that Plaintiff can no longer exhaust his administrative remedies with respect to the claims asserted here.  Accordingly, all claims will be dismissed with prejudice.